**Roy WOODWARD, Appellant
(Plaintiff below),
v.
PACIFIC INTERMOUNTAIN EXPRESS,
Appellee (Defendant below).
No. 3497.**

Supreme Court of Wyoming.

Aug. 5, 1966.

John M. Anselmi, Rock Springs, John F. Lynch, Cheyenne, for appellant.

Edward E. Murane, of Murane, Bostwick, McDaniel & Scott, Casper, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This is a personal injury action brought by the plaintiff, Roy Woodward, for the recovery of damages as a result of his collision with a tractor-trailer owned by the defendant, Pacific Intermountain Express.

Following a trial to the court without a jury the trial court specifically found the defendant's employee who drove the truck guilty of negligence, but not gross negligence. It also found plaintiff guilty of negligence which contributed to the accident, and judgment was entered for the defendant. Plaintiff-Woodward has appealed.

The only question we need to consider is whether there was substantial evidence of contributory negligence on the part of plaintiff.

The plaintiff was a member of the Wyoming Highway Patrol on official business when he collided with defendant's truck. The highway was a four-lane interstate highway. The visibility was poor and the snow was blowing. The driver of defendant's tractor-trailer had been traveling east. On account of a serious accident ahead, on a slick hill, the driver stopped in the center of the driving lane. On his right was a parking lane and on his left a passing lane. His truck remained where he stopped 45 or 50 minutes. The plaintiff, on an emergency call to the accident ahead of defendant's truck, was also traveling east. He did not see the tractor-trailer in time to avoid colliding with it at the rear.

Counsel for appellant admit there is a conflict in the testimony as to whether the defendant's driver had caused fusees to be placed on the rear bed of the truck and west of the truck, and a conflict as to whether lights were turned on and visible on the truck. The evidence, indeed, was conflicting with respect to flares and lights, but there was ample for the trial judge to believe, as he apparently did believe, that the truck driver had installed and maintained proper flares and had kept the lights burning on his truck.

However, the court apparently thought flares and lights did not excuse the truck driver's failure to move his equipment into the parking lane, and the judge found such driver negligent for this failure. Inasmuch as defendant's negligence is not before us we need not review further testimony pertaining to shortcomings of defendant's driver.

■ As to plaintiff's contributory negligence, the evidence shows the passing lane was unobstructed. Other vehicle drivers saw defendant's truck and did not collide with it, including another patrolman, the driver of a wrecker, the driver of an ambulance, and the driver of a pickup. It was reasonable for the trier to believe plaintiff should have seen the flares and lights which other witnesses observed.

The tractor-trailer was 60 feet in length. Plaintiff testified to seeing it from 75 feet behind and at the same time seeing a vehicle which was sitting 40 feet ahead of it. This could indicate he had a visibility of at least 175 feet. But perhaps the most telling evidence against plaintiff was the nature of the damage to his automobile and to the rear of the trailer, caused after 75 feet of skidding.

It seems quite apparent to us, from pictures and oral testimony, that the severity of impact was such as to cause the trier to infer plaintiff had been traveling at an excessive rate of speed, considering the conditions under which he was driving—in a severe blizzard with visibility greatly impaired.

We think, under the circumstances disclosed by the evidence in the case, the trial judge was amply justified in finding the plaintiff guilty of negligence which contributed to the accident, "because when his vision was hampered and blinded by the snow it was his duty to reduce his speed" and to have his car under such control that he could avoid a collision.

■ Appellant states that defendant was guilty of gross negligence and may not therefore raise the defense of contributory negligence. However, since the issue of gross negligence, when such an issue is present, is for the trier,[1] and the trial court specifically found the truck driver not guilty of gross negligence, it is unnecessary to discuss the meager authority cited by counsel on this aspect.

■ Appellant also suggests the defendant had the last clear chance to avoid the accident, but he is trying to apply the doctrine of last clear chance in reverse. It could have no application in this case, as far as a benefit to plaintiff is concerned. It may be the defendant's driver had the first chance to avoid the accident, but plaintiff had the last chance to do so.

Affirmed.

1.  See McClure v. Latta, Wyo., 348 P.2d 1057, 1062.